In the
# United States District Court
For the
## Western District of Wisconsin

Terrance E. McNamara,

    Plaintiff,

    v.                                      Case No. 26-cv-279

The City of Wisconsin Dells, Wisconsin,
and, in their individual capacities,
Blake Zibell, Todd Wagner, and
Jason Kissack,

    Defendants.

# COMPLAINT

## I.    NATURE OF ACTION

101.    This is a civil rights action under the 42 U.S.C. Sec. 1983 and the Fourth

Amendment to the United States Constitution that seeks relief for the unlawful,

excessive and unreasonable degree of force employed in connection with the arrest of

the Plaintiff by the individual Defendants and for their unlawful misrepresentations

1

and omissions that contributed to preventing the Plaintiff from receiving objectively reasonable medical care.

## II.   JURISDICTION AND VENUE

201.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) (42 U.S.C. § 1983 jurisdiction).

202.    The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III.   PARTIES

### A.   Plaintiff

301.    The Plaintiff, Terrance E. McNamara, is a natural person and an adult with the capacity to sue in this Court.

### B.   Defendants

301.    Defendant City of Wisconsin Dells, Wisconsin, is a Wisconsin city with the capacity to sue and be sued in this Court.  Defendant City of Wisconsin Dells is liable for the unlawful acts of the individual Defendants because they were acting within the scope of their employment within the meaning of Sec. 895.46, Wis. Stats. The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of City of Wisconsin Dells.

2

301.    The Defendant, Blake Zibell, was, at all times material hereto, a police officer for the city of Wisconsin Dells, Wisconsin. At all times relevant to this lawsuit, Defendant Zibell was acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in § 895.46, Wis. Stats.

302.    The Defendant, Jason Kissack, was, at all times material hereto, a police officer for the City of Wisconsin Dells, Wisconsin. At all times relevant to this lawsuit, Defendant Kissack was acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in § 895.46, Wis. Stats.

303.    The Defendant, Todd Wagner, was, at all times material hereto, a police officer for the City of Wisconsin Dells, Wisconsin. At all times relevant to this lawsuit, Defendant Wagner was acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in § 895.46, Wis. Stats.

## IV.    ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.    On April 10, 2024, a dispatcher communicating with on-duty Wisconsin Dells Police Officers reported a disturbance at 610 Commercial Ave., No. 627, a mobile home in the City of Wisconsin Dells.

402.    This was the home of Plaintiff Terrance McNamara and his wife, Vicki McNamara. Plaintiff Terrance McNamara, who was then seventy-five years old,

3

was on probation for an earlier felony conviction.

403.    Terrance and Vicki McNamara were then living at the mobile home with their daughter, Kathleen McNamara, her boyfriend, Patrick Curtis Michael Rembert, known to his acquaintances as PJ, her ex-boyfriend, Nathan E. Giebhart, and two of her children.

404.    Defendant Kissack was in field training and had Defendant Wagner riding with him as his field training officer. They were patrolling together in a marked patrol vehicle in full uniform and on duty at the time, and they responded to the McNamara residence, arriving at approximately 9:23 p.m.

405.    Defendant Zibell was also on patrol, in a different patrol vehicle, and he also responded to the McNamara residence, as did a half-dozen or so other officers.

406.    Defendant Kissack first encountered Plaintiff McNamara's wife, Vicki McNamara who admitted the officers into the house and directed them down the hallway to Plaintiff McNamara's location.

407.    Defendant Kissack went down to Plaintiff McNamara's room and tried to speak to him, but had little success because Plaintiff McNamara could not find his hearing aids.

408.    Defendant Kissack was able to learn from Plaintiff McNamara, though, that there had been a verbal altercation between him and Rembert over Rembert not having a job and failing to pay his half of the rent.

409.    Defendant Kissack then went back to speak with Vicki McNamara.

4

410.     Vicki McNamara described a verbal argument between Plaintiff McNamara and Rembert, over Rambert not paying rent.

411.     Defendant Kissack later claimed that Vicki McNamara told him that during that argument Plaintiff McNamara had told Rambert he would "remove you myself" and that he would "tune PJ up."

412.     Vicki McNamara reported that there had not been any physical contact between Plaintiff McNamara and PJ.

413.     Defendant Kissack also spoke with Kathleen McNamara, who was present and had heard some of the argument.

414.     It was later reported by Defendant Kissack that he then contacted Probation and Parole to see if there would be a "PO Hold" placed on Plaintiff McNamara, given that there had been reports of domestic threats. He was directed to arrest Plaintiff McNamara on a probation hold.

415.     Defendant Kissack then went back to arrest Plaintiff McNamara.

416.     Defendant Kissack later reported that Plaintiff McNamara was allowed to use the restroom and was then placed under arrest, and handcuffed behind his back, at approximately 10:00 p.m.

417.     As he was being taken out of his home Defendant Zibell and Defendant Wagner aggressively pushed or threw Plaintiff McNamara off his porch and down five steps where he fell face first onto the ground.

418.      Defendant Zibell and Defendant Wagner then picked up Plaintiff McNamara and walked him to one of the squad cars.

5

419.    After being thrown down the steps, Plaintiff McNamara complained vociferously of an injury to his knee, causing pain and disability.

420.    When they reached the squad car, with Plaintiff McNamara still in handcuffs and in the control of Defendant Zibell, Defendant Zibell put his right hand on Plaintiff McNamara's upper back and slammed Plaintiff McNamara, face first, into the back passenger-side door of the squad car, where he fell to the ground.

421.    This is a photo from a squad car video of the instant of impact:



422.    Plaintiff McNamara was then transported to the Emergency Department of SSM Health St. Clare Hospital in Baraboo by Defendants Wagner and Kissack.

423.    Despite their knowledge of the ways in which Plaintiff McNamara

had been injured and his obvious need for serious medical attention, Defendants Wagner and Kissack reported to medical staff that Plaintiff McNamara was there for an evaluation to be cleared for jail, and described the incident as Plaintiff McNamara having "fallen after drinking and into a car."

424.    They failed to say anything at all about Plaintiff McNamara having been pushed or thrown down five steps to the ground while handcuffed and complaining vociferously about knee pain and disability immediately afterward.

425.    Because of these officers' misrepresentations and omissions, Plaintiff McNamara did not receive objectively reasonable medical treatment, and was cleared by emergency department staff to be taken to the jail.

426.    Wisconsin Dells Chief of Police Nicholas Brinker requested Wisconsin Dells Police Detective Sergeant Brent Brown to review the use of force by the Department's officers in connection with the arrest of Plaintiff McNamara.

427.    Detective Sergeant Brown is a Master Instructor in law enforcement defensive tactics.

428.    After reviewing the squad car video of Defendant Zibell slamming Plaintiff McNamara into the squad car, Detective Sergeant Brown concluded that Zibell's use of force "was not reasonable given the known facts and circumstances."

## V.      BASIS OF LIABILITY

### A.      Fourth Amendment

#### 1.      Individual Defendants

501.    The acts of Defendant Zibell and Defendant Wagner in aggressively pushing or throwing Plaintiff McNamara, then in handcuffs, off his porch and down five steps to where he fell face first onto the ground violated Plaintiff McNamara's right to be free from unreasonable seizures inasmuch as they employed excessive and unreasonable force.

502.    The act of Defendant Zibell in slamming Plaintiff McNamara, then in handcuffs, face first into the side of a squad car violated Plaintiff McNamara's right to be free from unreasonable seizures inasmuch as he employed excessive and unreasonable force.

503.    The acts of Defendant Kissack and Defendant Wagner in misrepresenting the mechanism of Plaintiff McNamara's facial injuries and in failing to report at all that Plaintiff McNamara had been thrown down the steps and thereafter complained of an injury to his knee violated Plaintiff McNamara's right to be free from unreasonable seizures inasmuch as they contributed to preventing Plaintiff McNamara from receiving objectively reasonable medical care.

#### 2.      The Defendant City

503.    Defendant City of Wisconsin Dells, Wisconsin, is liable for the unlawful acts of the individual Defendants because they were acting within the scope of their

8

employment within the meaning of Sec. 895.46, Wis. Stats.  The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of the City of Wisconsin Dells.

## VI. DAMAGES.

### A. Compensatory Damages.

601.    By virtue of the unlawful actions of the Defendants alleged above, the Plaintiff suffered injury, for which he seeks an award of compensatory damages in an amount deemed just by the Court.

### B. Punitive Damages

602.    Because the acts of the individual Defendants herein alleged were carried out with reckless disregard for the Plaintiff's fundamental rights, the Plaintiff also seeks an award of punitive damages against each of the individual Defendants to deter them and others similarly situated from committing similar wrongful acts in the future.

## VII. CONDITIONS PRECEDENT

701.    All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the Court to grant a judgment against the

Defendants awarding him damages, costs, attorney's fees and such other and further

relief as the Court deems just.

Dated this Tuesday, March 31, 2026.

Respectfully submitted,

Terrance E. McNamara,

Plaintiff,

By

LAW OFFICE OF PAUL POLACEK, S.C.
PAUL D. POLACEK
State Bar Number1037606
P.O. Box 328
Wisconsin Dells, WI 53965
Phone:          608 721-1359
Email:          paul@polaceklaw.com


THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI  53597-2502
Phone:          608 283-6001
Fax:            608 283 0945
Email:          jsolson@scofflaw.com


/s/    Jeff Scott Olson
_____

10

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF